IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STACEY MARTIGNONI, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 05-AR-0321-S |
| } | |
| ALABAMA A&M UNIVERSITY, et } | |
| al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

On April 29, 2005, defendants, Alabama A&M University ("the University"), Dr. John Gibson ("Gibson"), individually and in his capacity as President of the University, and Dr. Virginia Caples ("Caples"), individually and in her official capacity as Vice President of the University, filed a motion pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the above-entitled action brought by plaintiff, Stacey Martignoni ("Martignoni"). Martignoni invokes the "federal question" jurisdiction of this court, claiming violations by the University, Gibson and Caples of rights protected by 42 U.S.C. §§ 1981 and 1983. She appends state law claims. Her complaint arises from defendants' refusal to award plaintiff a master's degree that she alleges she earned in November, 1999.

On May 2, 2005, the court entered an order setting defendants' motion for oral argument on May 20, 2005. On May 18, 2005, plaintiff file an "objection" to defendants' motion. Plaintiff made no request for oral argument. Her "objection" was no more than the

reiteration of the claims in the complaint. It was devoid of any argument in contradiction of the ostensibly dispositive arguments made by defendants, arguments that, separately and severally, the court finds unanswerable. Without repeating all of defendants' contentions, several items stand out. First, plaintiff's invocation of § 1981 is futile inasmuch as she does not claim any adverse decision by defendants based on her race. Second, Eleventh Amendment immunity is enjoyed by the University and by its officers to the extent they are sued in their official capacities. The University is clearly an instrumentality of the State of Alabama. It and its officers are also immune from suit on state law tort and contract claims by virtue of the State's sovereign immunity. Third, a non-specific allegation that defendants denied plaintiff "due process" cannot withstand the individual defendants' defense of qualified immunity from a § 1983 claim. There is nothing to suggest that the individual defendants should have recognized as a clearly established principle of law that they could not withhold a degree. Last, but far from least, on the face of the complaint the statutes of limitations applicable to the various claims have all run. By not mentioning defendants' other arguments, the court does not mean to disparage them.

For these separate and several reasons, defendants' motion will be granted by separate order.

DONE this 24rd day of May, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE